[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his complaint dated January 31, 2001, and filed with the court on February 13, 2001, the plaintiff seeks a new trial after his criminal conviction. The action is filed pursuant to C.G.S. § 52-270. The named respondent is "State of Connecticut C/O Attorney General Richard Blumenthal, 60 State Street, Hartford, CT 06106." The Chief State's Attorney's Office has entered an appearance on behalf of the respondent, Warden, Corrigan Correctional Institution.
Although there appears to be some confusion as to whether or not this action is a petition for a writ of habeas corpus, the complaint mentions C.G.S. § 52-70 and the relief sought is in accord with that statute. For this reason, the matter will be treated as a petition for a new CT Page 9693 trial.
On May 23, 2001, respondent filed a motion for summary judgment with supporting documents in accordance with P.B. § 17-45. Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ascuitto v. Farricielli,244 Conn. 692, 696 (1998).
In support of the motion for summary judgment, respondent has filed a certified copy of the transcript of the proceedings in Docket No. CV91-61304, State of Connecticut v. Paul Miller, in the Judicial District of Fairfield at Bridgeport on February 9, 1996. From this transcript it is found that on February 9, 1996, a sentence of 8 years was imposed on the petitioner for the crimes of larceny in the second degree and engaging in the real estate business without a license.
C.G.S. § 52-582 provides that "no petition for a new trial in any civil or criminal proceeding shall be brought but within three years next after the rendition of judgment or decree complained of. In a criminal matter, the date of the imposition of sentence by the trial court is the date of the rendition of judgment. Summerville v. Warden, 229 Conn. 397,426 (1994).
Plaintiff appealed his conviction. The Appellate Court affirmed the conviction by decision released December 21, 1999. State v. Miller,56 Conn. App. 191 (1999). Mr. Miller's sentence was put into execution on May 1, 2000 and he commenced serving his sentence on that date. The fact that the execution of petitioner's sentence was stayed pending his appeal does not alter the situation. In this case, the date upon which judgment was rendered was February 9, 1996.
It must then be concluded that more than three years has elapsed since the rendition of judgment and the institution of the present petition for a new trial on May 23, 2001. Since petitioner has not brought the petition for a new trial within the three year period limited by C.G.S. § 52-582, respondent's motion for summary judgment must be granted.
Accordingly, the motion for summary judgment is granted and judgment rendered in favor of the respondent.
Joseph J. Purtill, Judge Trial Referee
CT Page 9694